Hoffman for the demurrant.
The only queftion is, whether the fadts fet forth on the record be a fuificient juftification of Sands, the colledtor, for the trefpafs with which he is charged. It has long been fettled that probable caufe of feizure cannot be urged by a cuftom-houfe/officer in ex-cufe, if the event prove that there was no legal and adtual reafon for the taking. In Leglife v. Champante,* the defendant had feized feveral hogiheads of French wines belonging to the plaintiff under pretence of their being lees ; on an information in the exchequer it was determined againft him, and in an action by the plaintiff for the trefpafs, the court, on debate, held that in thefe cafes the officer feizes at his peril, and that probable caufe is no defence, So in Bostock v. Saunders† the fame principle is recognized and extended -y for there the officer adted under a warrant obtained on oath from the commiffxoners of excife,‡ who were authorifed to grant it on an affidavit of a fufpicion that the revenue laws had been infringed. The fame cafe is to be found in 3 Wils. 434, where the court will perceive that the dodtrine is a little more ihrongly laid down. It is there faid that notwithftanding the provifions of the 13 and 14 Car. 2. c. 11. S. 32, which gives the writ of affiftance in revenue cafes, and enadts that all perfons adting under it ihall be
*569 faved harmlefs, vet if he, who enters under it. find nothing. 1 ... ° he is a trefpaifer ah initio. To fupport the grounds of this adfion is no more than confonant to reafon and juftice. The court on viewing the refult of a contrary procedure will certainly ftrengthen the pofitions we have taken, with all their power. It is peculiarly neceifary in this country: we have not a ftatute like that in England as to feizures on the oath of a third perfon. Every thing here is left to the difcretion of the cuftom-houfe officer, and the property of each individual expofed to the attacks of a colledror or other officer who is interefted in having it condemned. It is indifpenfible therefore, that every legal check iliould be laid on their proceedings, and if the defendant fuffer in this adfion, he may perhaps have rcdrcfs from the United States..
Harifon contra. As to the point of probable caufe, it may in general be a true principle, that it is not a. juftification if there be no real caufe. But on recurring to the provifions of the federal law as to the duty of collectors, it will be feento be fpecially enacted* that wherever a profecution ihall be commenced on account of any feizure, if reafonable caufe of fuch feizure appear to the court before which the profecution is tried, the court ihall caufe a proper certificate or entry to be made of it, and in fuch cafe the perfon who made the feizure, or the profecutor for fuch feizure, ihall not be liable to adtion, fuit or judgment 011 account thereof. That this has been literally done is not infilled, but whenever fentence has been paíTed, and the property condemned, it is tantamount to a certificate. For it is the judgment of the court that there was real caufe. But it is not on this that it is intended to reft our defence ; we mean to eonfider the cafe on its merits. In this view therefore, the court will confider whether the fadts adtually on the record, and now before the court, do not plainly íhew a forfeiture under the adc of congrefs fufpending the intercourfe with France. The words of that adl exprefsly declare «That no fuip orveflel « owned hired or employed, wholly or in part by any perfon « refident within the U. States and which ihall depart there- « from after the firft day of July next,† ihall be allowed to « proceed diredtly, or from any intermediate port or place
*570 « to any port or place within the territory of the French “ Republic, or the dependencies thereof, or to any place in <c the .Weft-Indies, or elfewhere under the acknowledged; « government of France, or ihall be employed in any traffic “ or commerce with or for any perfon refident within die “ jurifdiftion or under tire authority of the French Repub-» “ lie, and if any ffiip or veflel in any voyage thereafter com-. « mencing, and before her return within the United States « ihall be voluntarily carried or fuffered to proceed to any French « port or place as aforfaid, or ihall be employed as aforefaid, “ contrary to the intent thereof every fuch ship or veffel^ 1C together with her cargo shall be forfeited, and ihall accrue <c the one half to the ufe of the United States, and the other « half to the ufe of any perfon or perfons, citizens of the « United States, who will inform and profecute for the “ fame; and ihall be liable to be feized, profecuted and “ condemned in any circuit or diftrict court of the United « States, which ihall be holden within or for the diftriét <{ where the feizure ihall be made ”
It is further enaíted, “ That after the firft day of July « next, no clearance for a foreign voyage ihall be granted to “ any iliip or veflel owned, hired or employed, wholly or in <£ part, by any perfon refident within the United States, un- “ til a bond ihall be given to the ufe of the United States, “ wherein the owner or employer, if ufually refident or « prefent where the clearance ihall be required, and other-* « wife his agent or faftor, and the matter, or captain of « fuch iliip or veflel for the intended voyage ihall be parties, “ in a fum equal to the value of the iliip or veflel and her « cargo, and ihall find fufficient furety or fureties to the a- “ mount of one half the value thereof, with condition that <e the fame ihall not, during her intended voyage or before <e her return within the United States, proceed, or be carried “ directly or indiredtly to any port or place within the ter- “ ritory of the French Republic, or the dependencies there-<c of, or any place in the Weft-Indies or elfewhere under the “ acknowledged government of France, unlefs by diftrefs “ of weather, or want of provifions, or by actual force or “ violence to be fully proved and manifefted before the ac-
*571 66 quittance of fuch bond: and that fuch veflel is not, and * ... C£ ihall not be employed during her intended voyage or be-,l fore her return as aforefaid in any traffic or commerce, <£ with or for any perfon refident within the territory of that £< republic, or in any of the dependencies thereof.”
All thefe fails thus fetforth in the ait as working a forfeiture of, the veflel and cargo, are exprefsly ftated in the plea. The veflel is alleged to be the property ofVanemana perfon refident in Philadelphia ; to have been voluntarily carried to port Liberty in Hifpaniola, a port under the acknowledged government of France, in ihort, every circumftance fpecified by the ait is fpread on the record, and confequently the veflel mult be liable to feizure. If this appears fully to the court, it is enough, and the forfeiture is an inference of law which they are, from the pleadings, authorized to draw. If fo, the itatement of a contradiitory fentence is immaterial, and makes no difference in the reafoning. If the defence is fufficient without the fentences, it is enough. On the faits taking place the forfeiture attached; and thefe appearing on the pleadings are data for the court to go upon, and preclude all argument againit there not being an actual and real caufe of feizure. In Lockyer v. Gilley,* the court on the circumitances in the cafe, drew the inference that a forfeiture had attached and decided accordingly. So in Wilkins v. Despard,†- the fait of forfeiture being admitted by the pleadings the court would not allow the legality of the feizure to come in queition on the record. The fubfequent matter of condemnation is immaterial, and of courfc the reverfal, becaufe there is a perfedt evidence previouily on the record that íhews a forfeiture. For the doctrine as to averments and allegations the court will fee fufficient authority in 2 East 452.‡ It is there faid by Lawrence J. “ With refpect to v/hat averments are neceflary to be prov- ££ ed, I take the rule to be, that if the whole of an averment ££ may be {truck cut without deftroying the plaintiff’s right ££ of a ¿lion, it is not neceflary to prove it, but otherwifc, if “ the whole cannot be {truck out without getting rid of a ££ part effential to the caufe of aftion ; for then though the <£ averment be more particular than it need have been, the
*572 cc whole muit be proved or the plaintiff cannot recover.”" Apply this doflrine to the pleadings, ftrilte out all beyond tke fa£¡;S} an¿ the defence is complete", therefore the re-{¡due need not be maintained, and the court will go on what is fufficient for the defence. It may be faid that Vaneman did not fend the veffel, but this, if material, ought to have been ftated, for it might have varied the cafe.
Hoffman in reply. We do not difagree on general principles : That is, though Sands had probable caufe of-feizure, itill he would have been liable to the plaintiff. It is contended that the record fets forth enough to have led to a forfeiture and condemnation, and therefore the court muft lay out of the queftion all beyond the forfeiture, and judge that there was a real, and not a mere probable caufe. The court will determine on the whole record, and not take up a part, to fay the court of the United Slates has not decided according to law. This is a queftion under the laws of the United Statqs. To them the defendant applied to be judged ; we purfue that judgment through his own tribunals, the courts of his own chufing ; and they decide againft him. This decifion ia pronounced in a court of exclusive and adequate jurifdiciion. It would be nugatory to make any determination contrary to the judgment of the federal courts, becaufe.even now the prefent fuit maybe carried up to them. If the effeñ of the ftatute is to be confidered, that might have been done, and the plaintiff puniihed under it. The court will fee in the fecond feflfion the penalty of the bond is the confequence of certain infringements, that may have been pronounced, and the veffel declared not forfeited. If the judgment was wrong Sands might have appealed further, but he has himfelf acquiefced.
Hárifon. We do not confider ourfelves concluded by the decifion of the United States’ court Suppofe the evidence there in our favor was defeAive, and we afterwards acquire full proofs in our juftification, ihall we not ufe them ?
Hoffman. You ihould then have ftated them in your plea 5 that merely follows the words of the act, and nothing further is to be intended.
Per curiam, delivered by Thompfon J. The faAs de-
*573 tailed in the defendant’s plea are admitted by the demurrer to be true, and the queftion then arifcs whether thofe fadls will afford a juftification to the defendant. It is faid that the fentence of condemnation in the diftriét court, evinces that there was probable caufe for this feizure, and will afford grounds of juftification for the defendant who was adting as a public officer. Admitting there was probable caufe for the feizure, ftill this will not ihield the defendant from refponfifaility. In the cafe of Leglife v. Champante* it was exprefsly decided, that in fuch cafes the officer feizes at his peril, and that a probable caufe is no defence. This point feems fully fettled in a variety of cafes. The officer here is a mere volunteer, and a¿?cs at his peril, and his juftification depends on the event.† It is not like the cafe of a minilterial officer who acts under procefs which he is bound to execute. That there was no real ground for the feizure appears by the defendant’s own íhewing. He ftates that the fentence of condemnation pronounced by the diftridt court, was on appeal reverfed by the judgment of the circuit court. The act of congrcfs under which the feizure was made, makes no provifion for the exoneration of the cuftom-houfe officer. Nothing appears but that the defendant adted in good faith, and although it would feem reafonable, that where the officer adted bona fide, and according to his heft judgment, he ought to be protedted. Yet, we arc bound to pronounce the law as we find it, and leave cafes of hardihip, where any ex-ift, to legiílative provifion. Lord Kenyon, in the cafe of Warne v. Varley,‡ treats this quftion as long fince at reft in England. He fays that cuftom-houfe officers were, until a late adt of parliament was paffedto protect them, liable to an addon for feizing goods, if it ultimately turned out that the goods were not the fubject matter of feizure, even though there was a probable caufe for feizing them.
I am, therefore of opinion, the plaintiff" ought to have judgment.

 2 Stra. 820

 2 Black. Rep. 912.

 10 G T, 6 10. S 12, & 13

 4 Vol. United States Laws 429. 2 March 1799. c. 128, f. 89.

 July 1798

 D & E 252

 * D & E 112

 Williamson v. Allison

 2 Stra. 820

 3 Wil. 440 2 Black. Rep. 912

 6 D and E 448.